UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| John Cooke, Peter Luna, and Leotha Scott-Boone, on behalf of themselves and a class of similarly situated persons,<br><br>       Plaintiffs,<br><br>  v.<br><br>T-Mobile USA, Inc.<br><br>       Defendant. | No.<br><br>COMPLAINT—CLASS ACTION.<br><br>JURY DEMAND |

   Plaintiffs John Cooke, Peter Luna, and Leotha Scott-Boone, individually and on behalf of all others similarly situated ("Plaintiffs"), bring this action against Defendant T-Mobile USA, Inc. ("T-Mobile" or "Defendant"), seeking monetary damages, restitution, and/or injunctive relief for the proposed Class and Subclasses, as defined below. Plaintiffs make the following allegations upon information and belief, the investigation of their counsel, and personal knowledge or facts that are a matter of public record.

## I.  INTRODUCTION

   1.  The release, disclosure, and publication of sensitive, private data can be devasting. Not only is it an intrusion of privacy and a loss of control, but it is a harbinger of

COMPLAINT - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

identity theft: for victims of a data breach, the risk of identity theft more than quadruples.[1] A data breach can have a grave consequences for victims for years after the actual date of the breach—with the obtained information, thieves can wreak many forms of havoc: open new financial accounts, take out loans, obtain medical services, obtain government benefits, and/or obtain driver's licenses in the victims' names, forcing victims to maintain a constant vigilance over the potential misuse of their information.

2.     Washington based cellular provider T-Mobile markets itself as a sophisticated, reliable network provider that sets itself apart by its "100% customer commitment."[2] T-Mobile represents that "[a]t T-Mobile, privacy and security is of utmost importance," and that the company "take[s] our customer and prospective customer privacy VERY seriously."[3]

3.     Despite this representation, on August 15, 2021, Vice Media broke news that an anonymous seller was auctioning "a mountain of personal data" from T-Mobile servers on an underground forum.[4] "The data includes social security numbers, phone numbers, names, physical addresses, unique IMEI numbers, and driver licenses information [downloaded locally from T-Mobile servers], the seller said."[5]

4.     T-Mobile subsequently confirmed that "a subset of T-Mobile data had been accesed by unauthorized individuals" and that "the data stolen from our systems did include some personal information."[6]

---

[1] Dave Maxfield & Bill Latham, Data Breaches: Perspectives from Both Sides of the Wall, S.C. Lawyer (May 2014).

[2] *Un-Carrier History*, T-MOBILE, https://www.t-mobile.com/our-story/un-carrier-history (last visited Aug. 19, 2021).

[3] John Legere, *A Letter from CEO John Legere on Experian Data Breach*, T-MOBILE (Sept. 30, 2015), https://www.t-mobile.com/news/blog/experian-data-breach (last visited Aug. 19, 2021).

[4] Joseph Cox, *T-Mobile Investigating Claims of Massive Customer Data Breach*, MOTHERBOARD: TECH BY VICE (Aug. 15, 2021), https://www.vice.com/en/article/akg8wg/tmobile-investigating-customer-data-breach-100-million (last visited Aug. 19, 2021).

[5] *Id.*

[6] *T-Mobile Shares Additional Information Regarding Ongoing Cyberattack Investigation*, T-MOBILE (Aug. 17, 2021), https://www.t-mobile.com/news/network/additional-information-regarding-2021-cyberattack-investigation (last visited Aug. 19, 2021).

COMPLAINT - 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

5.      As a result of the Data Breach, through which their Personally Identifiable Information ("PII") was compromised, disclosed, and obtained by unauthorized third parties, Plaintiffs and Class Members have suffered concrete damages and are now exposed to a heightened and imminent risk of fraud and identity theft for a period of years, if not decades. Furthermore, Plaintiffs and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft, at their own expense. Consequently, Plaintiffs and the other Class Members will incur ongoing out-of-pocket costs for, *e.g.*, purchasing credit monitoring services, credit freezes, credit reports, or other protective measures to deter and detect identity theft.

6.      By this Complaint, Plaintiffs seek to remedy these harms on behalf of themselves and all similarly-situated individuals whose PII was accessed during the Data Breach.

## II.      JURISDICTION, VENUE, AND CHOICE OF LAW

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1711, *et seq.*, because at least one member of the Class, as defined below, is a citizen of a different state than T-Mobile, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

8.      The Court has personal jurisdiction over this action because T-Mobile maintains its principal place of business in this District, has sufficient minimum contacts with this District, and has purposefully availed itself of the privilege of doing business in this District such that it could reasonably foresee litigation being brought in this District.

9.      Venue is proper in this District under 28 U.S.C. § 1391(a) through (d) because T-Mobile's principal place of business is located in this District and a substantial part of the events or omissions giving rise to the claims occurred in, was directed to, and/or emanated from this District.

COMPLAINT - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## III.    PARTIES

**A.    Plaintiff John Cooke**

10.    Plaintiff John Cooke is a citizen of and is domiciled in the state of Washington.

11.    Plaintiff Cooke is a customer of T-Mobile.

12.    Plaintiff Cooke provided confidential and sensitive PII to T-Mobile, as requested and required by T-Mobile for the provision of its services. T-Mobile obtained and continues to maintain Plaintiff Cooke's PII and has a legal duty and obligation to protect that PII from unauthorized access and disclosure.

13.    Plaintiff Cooke would not have entrusted his PII to T-Mobile had he known that T-Mobile failed to maintain adequate data security.

14.    On or about August 15, 2021, Plaintiff Cooke learned of the Data Breach through a Facebook post.

15.    He subsequently received an email notice from T-Mobile, informing him that his PII had been compromised in the Data Breach.

16.    As a result of the Data Breach, Plaintiff Cooke has suffered emotional distress as a result of the release of his PII, which he expected T-Mobile to protect from disclosure, including anxiety, concern, and unease about unauthorized parties viewing and potentially using his PII. As a result of the Data Breach, Plaintiff Cooke anticipates spending considerable time and money to contain the impact of the Data Breach.

**B.    Plaintiff Peter Luna**

17.    Plaintiff Peter Luna is a citizen of and is domiciled in the state of New Mexico.

18.    Plaintiff Luna is a customer of T-Mobile.

19.    Plaintiff Luna provided confidential and sensitive PII to T-Mobile, as requested and required by T-Mobile for the provision of its services. T-Mobile obtained and continues to maintain Plaintiff Luna's PII and has a legal duty and obligation to protect that PII from unauthorized access and disclosure.

COMPLAINT - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

20.     Plaintiff Luna would not have entrusted his PII to T-Mobile had he known that T-Mobile failed to maintain adequate data security.

21.     On August 19, 2021, Plaintiff Luna learned of the Data Breach through a text from T-Mobile:



22.     Plaintiff Luna subsequently researched the Data Breach online and learned that it was possible that his name, address, phone number, Social Security number, date of birth, address, phone number, and credit card information may have been compromised—in contradiction to the notice provided by T-Mobile.

23.     Plaintiff Luna called T-Mobile on August 21, 2021 to inquire about what data was compromised in the Data Breach and was initially told that "nothing has gotten out" besides name, phone number, and address information. The T-Mobile representative then, at Plaintiff Luna's insistence, checked his account. After T-Mobile evaluated Plaintiff Luna's account, however, he was informed that his Social Security number was compromised in the Data Breach.

24.     Plaintiff Luna subsequently discovered that his address, the serial number of his phone, and other personal information was compromised in the Data Breach.

COMPLAINT - 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

25. As a result of the Data Breach, Plaintiff Luna has suffered emotional distress as a result of the release of his PII, which he expected T-Mobile to protect from disclosure, including anxiety, concern, and unease about unauthorized parties viewing and potentially using his PII. As a result of the Data Breach, Plaintiff Luna anticipates spending considerable time and money to contain the impact of the Data Breach.

**C.    Plaintiff Leotha Scott-Boone**

26. Plaintiff Leotha Scott-Boone is a citizen of and is domiciled in the state of Michigan.

27. Plaintiff Scott-Boone is a customer of T-Mobile.

28. Plaintiff Scott-Boone provided confidential and sensitive PII to T-Mobile, as requested and required by T-Mobile for the provision of its services. T-Mobile obtained and continues to maintain Plaintiff Scott-Boone's PII and has a legal duty and obligation to protect that PII from unauthorized access and disclosure.

29. Plaintiff Scott-Boone would not have entrusted her PII to T-Mobile had she known that T-Mobile failed to maintain adequate data security.

30. On or about August 15, 2021, Plaintiff Scott-Boone learned through news reports of the Data Breach.

31. She subsequently received a text message notice from T-Mobile, informing her that her PII had been compromised in the Data Breach.

32. Plaintiff Scott-Boone subsequently spent several hours taking action to mitigate the impact of the Data Breach, including changing the password to her T-Mobile account and locking her credit cards.

33. As a result of the Data Breach, Plaintiff Scott-Boone has suffered emotional distress as a result of the release of her PII, which she expected T-Mobile to protect from disclosure, including anxiety, concern, and unease about unauthorized parties viewing and potentially using her PII. As a result of the Data Breach, Plaintiff Scott-Boone anticipates

COMPLAINT - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

spending considerable time and money to contain the impact of the Data Breach.

**D.    Defendant T-Mobile**

34.    Defendant T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation with its principal place of business in Bellevue, Washington. T-Mobile is a wireless network operator and the second largest wireless carrier in the United States. It provides wireless voice and data services for approximately 105 million subscribers.

35.    In the course of its business, T-Mobile collects names, phone numbers, Social Security numbers, physical addresses, drivers license information, and other information from its customers and prospective customers.

## IV.    FACTUAL BACKGROUND

**A.    T-Mobile Failed to Adequately Protect Customer Data, Resulting in the Data Breach**

36.    Upon information and belief, on or about August 15, 2021, an anonymous individual posted for sale a collection of data containing 30 million Social Security numbers and driver licenses, pulled from T-Mobile servers.[7] The seller claimed to have additional data related to more than 100 million people—all T-Mobile customers.[8]

37.    After learning of the breach through online reports of the attempted sale of personal data belonging to its customers, T-Mobile investigated further and discovered that "a subset of T-Mobile data had been accessed by unauthorized individuals," and that the stolen data included full names, dates of birth, Social Security numbers, and driver's license information of current and former customers (the "Data Breach").[9] It admits that the cyberattack accessed the personal information of at least "7.8 million current subscribers, as well as records of 40 million

---

[7] Cox, *supra* note 4.

[8] *Id.*

[9] *T-Mobile Shares Additional Information Regarding Ongoing Cyberattack Investigation*, *supra* note 6.

COMPLAINT - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

people who previously applied for credit."[10]

38.    Five days after news of the Data Breach broke, T-Mobile announced that:

Our investigation is ongoing and will continue for some time, but at this point, we are confident that we have closed off the access and egress points the bad actor used in the attack. Below is what we know to date.

- We previously reported information from approximately 7.8 million current T-Mobile postpaid customer accounts that included first and last names, date of birth, SSN, and driver's license/ID information was compromised. We have now also determined that phone numbers, as well as IMEI and IMSI information, the typical identifier numbers associated with a mobile phone, were also compromised. Additionally, we have since identified another 5.3 million current postpaid customer accounts that had one or more associated customer names, addresses, date of births, phone numbers, IMEIs and IMSIs illegally accessed. These additional accounts did not have any SSNs or driver's license/ID information compromised.

- We also previously reported that data files with information from about 40 million former or prospective T-Mobile customers, including first and last names, date of birth, SSN, and driver's license/ID information, were compromised. We have since identified an additional 667,000 accounts of former T- Mobile customers that were accessed with customer names, phone numbers, addresses and dates of birth compromised. These additional accounts did not have any SSNs or driver's license/ID information compromised.

- Separately, we have also identified further stolen data files including phone numbers, IMEI, and IMSI numbers. That data included no personally identifiable information.

- We continue to have no indication that the data contained in any of the stolen files included any customer financial information, credit card information, debit or other payment information.

- As we previously reported, approximately 850,000 active T-Mobile prepaid customer names, phone numbers and account PINs were exposed. We have proactively reset ALL of the PINs on these accounts. Similar information from additional inactive prepaid accounts was also accessed. In addition, up to 52,000 names related to current Metro by T-Mobile accounts may have been included. None of these data sets included any

---

[10] Hamza Shaban, *T-Mobile says hackers stole data of more than 40 million people*, THE WASHINGTON POST (Aug. 18, 2021), https://www.washingtonpost.com/business/2021/08/18/t-mobile-data-breach-hackers/ (last visited Aug. 19, 2021).

COMPLAINT - 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

personally identifiable information. Further, none of the T-Mobile files stolen related to former Sprint prepaid or Boost customers.[11]

39.     This is not T-Mobile's first experience with a data breach—despite collecting private information from customers in the ordinary course of business, this marks the fifth breach for T-Mobile in the past four years. In August 2018, sensitive information for over 2 million T-Mobile customers was exposed.[12] In November 2019, approximately 1 million T-Mobile users' names, addresses, phone numbers, account numbers, rate plans, and customer proprietary network information was accessed by hackers.[13] Less than six months later, in March 2020, an unknown number of customers' names, addresses, phone numbers, account numbers, rate plans and features, and billing information was accessed by hackers.[14] Later that year, the private information of approximately 200,000 customers' data was exposed in yet another breach.[15]

40.     After each of these breaches, T-Mobile reiterated that it takes the security of customer information "seriously" and reassured customers that it has "a number of safeguards in place to protect customer information from unauthorized access,"[16] going so far as to claim that

---

[11] *T-Mobile Shares Updated Information Regarding Ongoing Investigation into Cyberattack*, T-MOBILE (Aug. 20, 2021), https://www.t-mobile.com/news/network/additional-information-regarding-2021-cyberattack-investigation (last visited Aug. 20, 2021).

[12] Alicia Hope, *Second Data Breach in 2020 for T-Mobile Exposed Customer and Call-Related Information of 200,000 subscribers*, CPO MAGAZINE (Jan. 11, 2021), https://www.cpomagazine.com/cyber-security/second-data-breach-in-2020-for-t-mobile-exposed-customer-and-call-related-information-of-200000-subscribers/ (last visited Aug. 19, 2021).

[13] Dewin Coldewey, *More than 1 million T-Mobile customers exposed by breach*, TECHCRUNCH (Nov. 22, 2019), https://techcrunch.com/2019/11/22/more-than-1-million-t-mobile-customers-exposed-by-breach/ (last visited Aug. 19, 2021).

[14] *T-Mobile's Data Breach Exposes Customer's Data and Financial Information*, SECURITY MAGAZINE (Mar. 6, 2020), https://www.securitymagazine.com/articles/91856-t-mobiles-data-breach-exposes-customers-data-and-financial-information (last visited Aug. 19, 2021).

[15] Hope, *supra* note 13.

[16] *See, e.g.*, Letter to Customers from T-Mobile, https://www.t-mobile.com/customers/6305378822 (last visited Aug. 19, 2021); *Notice of Security Incident*, T-MOBILE, https://www.t-mobile.com/responsibility/consumer-info/security-incident (last visited Aug. 19, 2021).

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

it safeguards customer information with the "utmost concern."[17] Further, T-Mobile's Privacy Notice reiterates the company's purported commitment to securing customers' data:

> We use administrative, technical, contractual, and physical safeguards designed to protect your data while it is under our control. For example, when you contact us by phone or visit us in our stores, we have procedures in place to make sure that only the primary account holder or authorized users have access.[18]

41.      The T-Mobile Privacy Center website also prominently reiterates these representations[19]:





[17] *Notice of Data Breach: Keeping you safe from cybersecurity threats*, T-MOBILE (Aug. 19, 2021), https://www.t-mobile.com/brand/data-breach-2021 (last visited Aug. 20, 2021).
[18] *Privacy Notice*, T-MOBILE (May 5, 2021), https://www.t-mobile.com/privacy-center/our-practices/privacy-policy (last visited Aug. 20, 2021).
[19] *Privacy Center*, T-MOBILE, https://www.t-mobile.com/privacy-center (last visited Aug. 20, 2021).

COMPLAINT - 10

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

42.     Despite these representations, T-Mobile has continued to experience data breaches with increasing regularity and severity, yet the recent breach at issue in this litigation was described by a security and risk analyst at Forrester Research as "the worst breach they've had so far."[20]

43.     T-Mobile's failure to follow standard data protection procedures resulted in the Data Breach. Glenn Gerstell, former general counsel for the National Security Agency, noted that the fact that many of the records reported stolen were from prospective clients or former customers did "not sound like good data management practices."[21]

44.     Even the cybercriminal reported to the Wall Street Journal: "Their security is awful."[22] The cybercriminal disclosed that he "managed to pierce T-Mobile's defenses after discovering in July an unprotected router exposed on the internet. He said he had been scanning T-Mobile's known internet addresses for weak spots using a simple tool available to the public."[23]

45.     T-Mobile was familiar with its obligations—created by contract, industry standards, common law, and representations to its customers—to protect customer information. Plaintiffs and Class Members provided their PII to T-Mobile with the reasonable expectation that T-Mobile would comply with its obligations to keep such information confidential and secure.

46.     T-Mobile's CEO, Mike Silvert, admits that "[w]e didn't live up to the

---

[20] Chris Velazco, *Here's what to do if you think you're affected by T-Mobile's big data breach*, THE WASHINGTON POST (Aug. 19, 2021), https://www.washingtonpost.com/technology/2021/08/19/t-mobile-data-breach-what-to-do/ (last visited Aug. 19, 2021) (quoting Allie Mellen, Forrester Research).

[21] Drew FitzGerald & Robert McMillan, *T-Mobile Hacker Who Stole Data on 50 Million Customers: 'Their Security is Awful'*, WALL ST. J. (Aug. 26, 2021), https://www.wsj.com/articles/t-mobile-hacker-who-stole-data-on-50-million-customers-their-security-is-awful-11629985105?mod=hp_lead_pos12 (last visited Aug. 26, 2021).

[22] *Id.*

[23] *Id.*

COMPLAINT - 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

expectations we have for ourselves to protect our customers."[24]

47.     T-Mobile failed to comply with these obligations, resulting in the Data Breach. Plaintiffs and Class Members now face years of constant surveillance of their financial and personal records.

**B.     The Data Breach Puts Consumers at Increased Risk of Fraud and Identity Theft**

48.     An identity thief uses victims' PII, such as name, address, and other sensitive and confidential information, without permission, to commit fraud or other crimes that range from immigration fraud, obtaining a driver's license or identification card, obtaining government benefits, and filing fraudulent tax returns to obtain tax refunds.

49.     Moreover, a security and identity theft expert for Credit Sesame has compared a person's Social Security number—which was compromised in the Data Breach—to a person's "secret sauce," which is as good as DNA to hackers.[25]

50.     Identity thieves can also use a victim's PII to open new financial accounts, incur charges in the victim's name, take out loans in the victim's name, and incur charges on existing accounts of the victim. Despite T-Mobile's repeated assurance that it has "no indication that personal financial or payment information, credit or debit card information, account numbers, or account passwords were accessed" in the Data Breach,[26] Plaintiff's finances are now at risk due to the Data Breach.

51.     Identity theft is the most common consequence of a data breach—it occurs to

---

[24] Dave Sebastian & Drew FitzGerald, *T-Mobile CEO Apologizes for Data Security-Breach*, WALL ST. J. (Aug. 27, 2021), https://www.wsj.com/articles/t-mobile-ceo-apologizes-for-data-security-breach-11630071045?mod=hp_lista_pos1 (last visited Aug. 27, 2021).

[25] Cameron Huddleston, *How to Protect Your Kids from the Anthem Data Breach,* Kiplinger, (Feb. 10, 2015), http://www.kiplinger.com/article/credit/T048-C011-S001-how-to-protect-your-kids-from-the-anthem-data-brea.html#djkDlop4XkCzI4LO.99 (last visited Aug. 20, 2021).

[26] *Notice of Data Breach*, *supra* note 17.

COMPLAINT - 12

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

65% of data breach victims.[27] Consumers lost more than $56 billion to identity theft and fraud in 2020, and over 75% of identity theft victims reported emotional distress.[28]

52.     Plaintiffs are now in the position of having to take steps to mitigate the damages caused by the Data Breach. However, even if Plaintiffs and Class Members take all possible steps, they will remain at risk: when consumers and borrowers have their Social Security numbers stolen through a data breach, they have to wait until they become victims of Social Security number misuse before they can obtain a new one. Even then, the Social Security Administration has warned that a new Social Security number may not solve all problems, will not guarantee a fresh start, and can create new problems. For example, a new Social Security number has a completely blank credit history, making it difficult to get credit for years unless it is linked to the compromised number.[29]

53.     Once use of compromised non-financial PII is detected, the emotional and economic consequences to the victims are significant. Studies done by the ID Theft Resource Center, a non-profit organization, found that victims of identity theft had marked increased fear for personal financial security. The report attributes this to more people having been victims before, contributing to greater awareness and understanding that they may suffer long term consequences from this type of crime.[30]

54.     T-Mobile is aware of these consequences to Plaintiffs and Class Members, as evidenced by its response to the Data Breach, which recommends to customers that they "take proactive steps regularly to protect your data and identity."[31]

55.     T-Mobile failed to protect and safeguard Plaintiffs' and Class Members' private

---

[27] Eugene Bekker, *What Are Your Odds of Getting Your Identity Stolen?*, IDENTITYFORCE (Apr. 15, 2021), https://www.identityforce.com/blog/identity-theft-odds-identity-theft-statistics (last visited Aug. 20, 2021).
[28] *Id.*
[29] Huddleston, *supra* note 25.
[30] Identity Theft: The Aftermath 2013, Identity Theft Resource Center, http://www.idtheftcenter.org/images/surveys_studies/Aftermath2013.pdf (last visited Aug. 20, 2021).
[31] *Notice of Data Breach*, *supra* note 17.

COMPLAINT - 13

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

information, in fact failing to adhere to even its most basic obligations. As a result, Plaintiffs and Class Members have suffered or will suffer actual injury, including loss of privacy, costs, and loss of time.

## V.    CLASS ACTION ALLEGATIONS

56.    Plaintiffs bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a proposed nationwide class (the "Class"), defined as:

> All natural persons in the United States whose Personally Identifiable Information was compromised as a result of the Data Breach.

57.    In addition, the state subclasses are defined as follows:

> **Michigan Subclass:** All natural persons in the State of Michigan whose Personally Identifiable Information was compromised as a result of the Data Breach.

> **New Mexico Subclass:** All natural persons in the State of New Mexico whose Personally Identifiable Information was compromised as a result of the Data Breach.

> **Washington Subclass:** All natural persons in the State of Washington whose Personally Identifiable Information was compromised as a result of the Data Breach.

58.    **Numerosity and Ascertainability:** Plaintiffs do not know the exact size of the Class or identity of the Class Members, since such information is in the exclusive control of Defendant. Nevertheless, the Class encompasses tens of thousands of individuals dispersed throughout the United States. The number of Class Members is so numerous that joinder of all Class Members is impracticable. The names, addresses, and phone numbers of Class Members are identifiable through documents maintained by Defendant.

59.    **Commonality and Predominance:** This action involves common questions of law and fact which predominate over any question solely affecting individual Class Members. These common questions include:

A.    whether Defendant engaged in the conduct alleged herein;

B.    whether Defendant had a legal duty to use reasonable security measures to

COMPLAINT - 14

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

protect Plaintiff's and Class Members' PII;

        C.      whether Defendant timely, accurately, and adequately informed Plaintiffs and Class Members that their PII had been compromised;

        D.      whether Defendant breached its legal duty by failing to protect the PII of Plaintiffs and Class Members;

        E.      whether Defendant acted reasonably in securing the PII of Plaintiffs and Class Members;

        F.      whether Plaintiffs and Class Members are entitled to injunctive relief;

        G.      and whether Plaintiffs and Class Members are entitled to damages and equitable relief.

60.    **Typicality:** Plaintiffs' claims are typical of the other Class Members' claims because all Class Members were comparably injured through Defendant's substantially uniform misconduct, as described above. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all other members of the Class that they represent, and there are no defenses that are unique to Plaintiffs. The claims of Plaintiffs and Class Members arise from the same operative facts and are based on the same legal theories.

61.    **Adequacy:** Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other members of the Class they seek to represent; Plaintiffs have retained counsel competent and experienced in complex class action litigation; and Plaintiffs intend to prosecute this action vigorously. The Class's interest will be fairly and adequately protected by Plaintiffs and their counsel.

62.    **Superiority:** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages and other detriment suffered by Plaintiffs and other Class Members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be

COMPLAINT - 15

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

virtually impossible for the Class Members to individually seek redress for Defendant's wrongful conduct. Even if Class Members could afford individual litigation, the court system could not: individualized litigation creates a potential for inconsistent or contradictory judgments, increases the delay and expense to the parties, and increases the expense and burden to the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by this Court.

## VI.     CAUSES OF ACTION

**A.     Claims Brought on Behalf of the Nationwide Class**

### COUNT ONE — NEGLIGENCE

63.     Plaintiffs incorporate all foregoing factual allegations as if fully set forth herein.

64.     T-Mobile owed a duty to Plaintiffs and Class Members, arising from the sensitivity of the information, the expectation the information was going to be kept private, and the foreseeability of its data safety shortcomings resulting in an intrusion, to exercise reasonable care in safeguarding their sensitive personal information. This duty included, among other things, designing, implementing, maintaining, monitoring, and testing T-Mobile's networks, systems, protocols, policies, procedures and practices to ensure that Plaintiffs' and Class Members' information was adequately secured from unauthorized access.

65.     T-Mobile's Privacy Notice acknowledged T-Mobile's duty to adequately protect Plaintiffs' and Class Members' PII.

66.     T-Mobile owed a duty to Plaintiffs and Class Members to implement administrative, physical and technical safeguards, such as intrusion detection processes that detect data breaches in a timely manner, to protect and secure Plaintiffs' and Class Members' PII.

67.     T-Mobile also had a duty to only maintain PII that was needed to serve customer needs.

68.     T-Mobile owed a duty to disclose the material fact that its data security practices

COMPLAINT - 16

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

were inadequate to safeguard Plaintiffs' and Class Members' PII.

69. T-Mobile also had independent duties under Plaintiffs' and Class Members' state laws that required T-Mobile to reasonably safeguard Plaintiffs' and Class Members' PII, and promptly notify them about the Data Breach.

70. T-Mobile had a special relationship with Plaintiffs and Class Members as a result of being entrusted with their PII, which provided an independent duty of care. Plaintiffs' and Class Members' willingness to entrust T-Mobile with their PII was predicated on the understanding that T-Mobile would take adequate security precautions. Moreover, T-Mobile was capable of protecting its networks and systems, and the PII it stored on them, from unauthorized access.

71. T-Mobile breached its duties by, among other things: (a) failing to implement and maintain adequate data security practices to safeguard Plaintiffs' and Class Members' PII, including administrative, physical, and technical safeguards; (b) failing to detect the Data Breach in a timely manner; and (c) failing to disclose that its data security practices were inadequate to safeguard Plaintiffs' and Class Members' PII.

72. But for T-Mobile's breach of its duties, including its duty to use reasonable care to protect and secure Plaintiffs' and Class Members' PII, Plaintiffs' and Class Members' PII would not have been accessed by unauthorized parties.

73. Plaintiffs and Class Members were foreseeable victims of T-Mobile's inadequate data security practices. T-Mobile knew or should have known that a breach of its data security systems would cause damage to Plaintiffs and Class Members.

74. It was reasonably foreseeable that the failure to reasonably protect and secure Plaintiffs' and Class Members' PII would result in unauthorized access to T-Mobile's networks, databases, and computers that stored or contained Plaintiffs' and Class Members' PII.

75. As a result of T-Mobile's negligent failure to prevent the Data Breach, Plaintiffs and Class Members suffered injury, which includes but is not limited to exposure to a heightened

COMPLAINT - 17

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and imminent risk of fraud, identity theft, and financial harm. Plaintiffs and Class Members must monitor their financial accounts and credit histories more closely and frequently to guard against identity theft. Plaintiffs and Class Members have also incurred, and will continue to incur on an indefinite basis, out-of-pocket costs for obtaining credit reports, credit freezes, credit monitoring services, and other protective measures to deter and detect identity theft. The unauthorized acquisition of Plaintiffs' and Class Members' PII has also diminished the value of the PII.

76.     The harm to Plaintiffs and Class Members was a proximate, reasonably foreseeable result of T-Mobile's breaches of its aforementioned duties.

77.     Therefore, Plaintiffs and Class Members are entitled to damages in an amount to be proven at trial.

## COUNT TWO — NEGLIGENCE PER SE

78.     Plaintiffs incorporate all foregoing factual allegations as if fully set forth herein.

79.     Under the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, T-Mobile had a duty to provide fair and adequate computer systems and data security practices to safeguard Plaintiffs' and Class Members' PII.

80.     In addition, under state data security statutes, T-Mobile had a duty to implement and maintain reasonable security procedures and practices to safeguard Plaintiffs' and Class Members' PII.

81.     T-Mobile breached its duties to Plaintiffs and Class Members, under the Federal Trade Commission Act, 15 U.S.C. § 45, ("FTCA") and the state data security statutes, by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiffs' and Class Members' PII.

82.     Plaintiffs and Class Members were foreseeable victims of T-Mobile's violations of the FTCA and state data security statutes. T-Mobile knew or should have known that its failure to implement reasonable measures to protect and secure Plaintiffs' and Class Members' PII would cause damage to Plaintiffs and Class Members.

COMPLAINT - 18

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

83. T-Mobile's failure to comply with the applicable laws and regulations constitutes negligence *per se.*

84. But for T-Mobile's violation of the applicable laws and regulations, Plaintiffs' and Class Members' PII would not have been accessed by unauthorized parties.

85. As a result of T-Mobile's failure to comply with applicable laws and regulations, Plaintiffs and Class Members suffered injury, which includes but is not limited to the exposure to a heightened and imminent risk of fraud, identity theft, financial and other harm. Plaintiffs and Class Members must monitor their financial accounts and credit histories more closely and frequently to guard against identity theft. Plaintiffs and Class Members also have incurred, and will continue to incur on an indefinite basis, out-of-pocket costs for obtaining credit reports, credit freezes, credit monitoring services, and other protective measures to deter or detect identity theft. The unauthorized acquisition of Plaintiffs' and Class Members' PII has also diminished the value of the PII.

86. The harm to Plaintiffs and the Class Members was a proximate, reasonably foreseeable result of T-Mobile's breaches of the applicable laws and regulations.

87. Therefore, Plaintiffs and Class Members are entitled to damages in an amount to be proven at trial.

## COUNT THREE — GROSS NEGLIGENCE

88. Plaintiffs incorporate all foregoing factual allegations as if fully set forth herein.

89. Plaintiffs and Class Members entrusted T-Mobile with highly-sensitive and inherently personal private data subject to confidentiality laws.

90. In requiring, obtaining and storing Plaintiffs' and Class Members' PII, T-Mobile owed a duty of reasonable care in safeguarding the PII.

91. T-Mobile's networks, systems, protocols, policies, procedures and practices, as described above, were not adequately designed, implemented, maintained, monitored and tested to ensure that Plaintiffs' and Class Members' PII were secured from unauthorized access.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

92. T-Mobile's networks, systems, protocols, policies, procedures and practices, as described above, were not reasonable given the sensitivity of the Plaintiffs' and Class Members' private data and the known vulnerabilities of T-Mobile's systems.

93. T-Mobile did not comply with state and federal laws and rules concerning the use and safekeeping of this private data.

94. Upon learning of the Data Breach, T-Mobile should have immediately disclosed the Data Breach to Plaintiffs and Class Members, credit reporting agencies, the Internal Revenue Service, financial institutions and all other third parties with a right to know and the ability to mitigate harm to Plaintiffs and Class Members as a result of the Data Breach.

95. Despite knowing its networks, systems, protocols, policies, procedures and practices, as described above, were not adequately designed, implemented, maintained, monitored and tested to ensure that Plaintiffs' and Class Members' PII were secured from unauthorized access, T-Mobile ignored the inadequacies and was oblivious to the risk of unauthorized access it had created.

96. T-Mobile's behavior establishes facts evidencing a reckless disregard for Plaintiffs' and Class Members' rights.

97. T-Mobile, therefore, was grossly negligent.

98. T-Mobile's negligence also constitutes negligence per se.

99. The negligence is directly linked to injuries.

100. As a result of T-Mobile's reckless disregard for Plaintiffs' and Class Members' rights by failing to secure their PII, despite knowing its networks, systems, protocols, policies, procedures and practices were not adequately designed, implemented, maintained, monitored and tested, Plaintiffs and Class Members suffered injury, which includes but is not limited to the exposure to a heightened, imminent risk of fraud, identity theft, financial and other harm. Plaintiffs and Class Members must monitor their financial accounts and credit histories more closely and frequently to guard against identity theft. Plaintiffs and Class Members also have

COMPLAINT - 20

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

incurred, and will continue to incur on an indefinite basis, out-of-pocket costs for obtaining credit reports, credit freezes, credit monitoring services, and other protective measures to deter or detect identity theft. The unauthorized acquisition of Plaintiffs' and Class Members' PII has also diminished the value of the PII.

101.     The harm to Plaintiffs and the Class Members was a proximate, reasonably foreseeable result of T-Mobile's breaches of the applicable laws and regulations.

102.     Therefore, Plaintiffs and Class Members are entitled to damages in an amount to be proven at trial.

### COUNT FOUR — BREACH OF EXPRESS CONTRACTS

103.     Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

104.     Plaintiffs and members of the Class, additionally and alternatively, allege that they entered into valid and enforceable express contracts with T-Mobile.

105.     Under these express contracts, T-Mobile promised and was obligated to: (a) provide services to Plaintiffs and Class Members; and (b) protect Plaintiffs' and the Class Members' PII. In exchange, Plaintiffs and members of the Class agreed to pay money for these services.

106.     Both the provision of services, as well as the protection of Plaintiffs' and Class Members' PII, were material aspects of these contracts.

107.     T-Mobile's express representations, including, but not limited to, express representations found in T-Mobile's Privacy Notice, formed an express contract requiring T-Mobile to implement data security adequate to safeguard and protect the privacy of Plaintiffs' and Class Members' PII.

108.     Alternatively, the express contracts included implied terms requiring T-Mobile to implement data security adequate to safeguard and protect the confidentiality of Plaintiffs' and Class Members' PII, including in accordance with federal, state and local laws, and industry

COMPLAINT - 21

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

standards.

109.     Consumers value their privacy, the privacy of their dependents, and the ability to keep their PII associated with obtaining services private. To customers such as Plaintiffs and Class Members, services that do not adhere to industry-standard data security protocols to protect PII are fundamentally less useful and less valuable than services that adhere to industry-standard data security. Plaintiffs and Class Members would not have entered into these contracts with T-Mobile without an understanding that their PII would be safeguarded and protected.

110.     A meeting of the minds occurred, as Plaintiffs and members of the Class provided their PII to T-Mobile and paid for the provided services in exchange for, amongst other things, protection of their PII.

111.     T-Mobile materially breached the terms of these express contracts, including but not limited to the terms stated in the relevant Privacy Notice. Specifically, T-Mobile did not comply with federal, state and local laws, or industry standards, or otherwise protect Plaintiffs' and the Class Members' PII, as set forth above. Further, on information and belief, T-Mobile has not yet provided Data Breach notifications to some affected Class Members who may already be victims of identity fraud or theft or are at imminent risk of becoming victims of identity theft or fraud associated with PII that they provided to T-Mobile. These Class Members are as yet unaware of the potential source for the compromise of their PII.

112.     The Data Breach was a reasonably foreseeable consequence of T-Mobile's actions in breach of these contracts.

113.     As a result of T-Mobile's failure to fulfill the data security protections promised in these contracts, Plaintiffs and members of the Class did not receive the full benefit of the bargain, and instead received services that were of a diminished value to that described in the contracts. Plaintiffs and Class Members, therefore, were damaged in an amount at least equal to the difference in the value of the secure services they paid for and the services they received.

114.     Had T-Mobile disclosed that its security was inadequate or that it did not adhere

COMPLAINT - 22

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

to industry-standard security measures, neither Plaintiffs, nor Class Members, nor any reasonable person would have purchased services from T-Mobile.

115. As a result of T-Mobile's breach, Plaintiffs and Class Members suffered actual damages resulting from the theft of their PII, as well as the loss of control of their PII, and remain in imminent risk of suffering additional damages in the future.

116. As a result of T-Mobile's breach, Plaintiffs and the Class Members have suffered actual damages resulting from their attempt to mitigate the effects of the breach of contract and subsequent Data Breach, including but not limited to, taking steps to protect themselves from the loss of their PII.

117. Accordingly, Plaintiffs and the other members of the Class have been injured as a result of T-Mobile's breach of contracts and are entitled to damages and/or restitution in an amount to be determined at trial.

## COUNT FIVE — BREACH OF IMPLIED CONTRACTS

118. Plaintiffs incorporate all foregoing factual allegations as if fully set forth herein.

119. Plaintiffs and Class Members were required to provide their PII to obtain services from T-Mobile. Plaintiffs and Class Members entrusted their PII to T-Mobile in order to obtain services from them.

120. By providing their PII, and upon T-Mobile's acceptance of such information, Plaintiffs and Class Members on one hand, and T-Mobile on the other hand, entered into implied contracts for the provision of adequate data security, separate and apart from any express contracts concerning the services provided, whereby T-Mobile was obligated to take reasonable steps to secure and safeguard that information.

121. T-Mobile had an implied duty of good faith to ensure that the PII of Plaintiffs and Class Members in its possession was only used in accordance with their contractual obligations.

122. T-Mobile was therefore required to act fairly, reasonably, and in good faith in carrying out its contractual obligations to protect the confidentiality of Plaintiffs' and Class

COMPLAINT - 23

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Members' PII and to comply with industry standards and state laws and regulations for the security of this information, and T-Mobile expressly assented to these terms in its Privacy Notice as alleged above.

123.    Under these implied contracts for data security, T-Mobile was further obligated to provide Plaintiffs and all Class Members, with prompt and sufficient notice of any and all unauthorized access and/or theft of their PII.

124.    Plaintiffs and Class Members performed all conditions, covenants, obligations, and promises owed to T-Mobile, including paying for the services provided by T-Mobile and/or providing the PII required by T-Mobile.

125.    T-Mobile breached the implied contracts by failing to take adequate measures to protect the confidentiality of Plaintiffs' and Class Members' PII, resulting in the Data Breach. T-Mobile unreasonably interfered with the contract benefits owed to Plaintiffs and Class Members.

126.    Further, on information and belief, T-Mobile has not yet provided Data Breach notifications to some affected Class Members who may already be victims of identity fraud or theft, or are at imminent risk of becoming victims of identity theft or fraud, associated with the PII that they provided to T-Mobile. These Class Members are unaware of the potential source for the compromise of their PII.

127.    The Data Breach was a reasonably foreseeable consequence of T-Mobile's actions in breach of these contracts.

128.    As a result of T-Mobile's conduct, Plaintiffs and Class Members did not receive the full benefit of the bargain, and instead received services that were of a diminished value as compared to the secure services they paid for. Plaintiffs and Class Members, therefore, were damaged in an amount at least equal to the difference in the value of the secure services they paid for and the services they received.

129.    Neither Plaintiffs, nor Class Members, nor any reasonable person would have

COMPLAINT - 24

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

provided their PII to T-Mobile had T-Mobile disclosed that its security was inadequate or that it did not adhere to industry-standard security measures.

130.    As a result of T-Mobile's breach, Plaintiffs and Class Members have suffered actual damages resulting from theft of their PII, as well as the loss of control of their PII, and remain in imminent risk of suffering additional damages in the future.

131.    As a result of T-Mobile's breach, Plaintiffs and the Class Members have suffered actual damages resulting from their attempt to mitigate the effect of the breach of implied contract and subsequent Data Breach, including but not limited to taking steps to protect themselves from the loss of their PII. As a result, Plaintiffs and the Class Members have suffered actual identity theft and the ability to control their PII.

132.    Accordingly, Plaintiffs and Class Members have been injured as a result of T-Mobile's breach of implied contracts and are entitled to damages and/or restitution in an amount to be proven at trial.

### COUNT SIX — BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

133.    Plaintiffs reallege and incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

134.    Plaintiffs and Class Members entered into and/or were the beneficiaries of contracts with Defendant, as alleged above.

135.    These contracts were subject to implied covenants of good faith and fair dealing that all parties would act in good faith and with reasonable efforts to perform their contractual obligations—both explicit and fairly implied—and would not impair the rights of the other parties to receive their rights, benefits, and reasonable expectations under the contracts. These included the covenants that Defendant would act fairly, reasonably, and in good faith in carrying out their contractual obligations to protect the confidentiality of Plaintiffs' and Class Members' PII and to comply with industry standards and federal and state laws and regulations for the security of this information.

COMPLAINT - 25

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

136. Special relationships exist between Defendant and Plaintiffs and Class Members. Defendant entered into special relationships with Plaintiffs and Class Members, who entrusted their confidential PII to Defendant and paid for services with Defendant.

137. Defendant promised and was obligated to protect the confidentiality of Plaintiffs' and Class Members' PII from disclosure to unauthorized third parties. Defendant breached the covenant of good faith and fair dealing by failing to take adequate measures to protect the confidentiality of Plaintiffs' and Class Members' PII, which resulted in the Data Breach. Defendant unreasonably interfered with the contract benefits owed to Plaintiffs and Class Members by failing to implement reasonable and adequate security measures consistent with industry standards to protect and limit access to the PII of Plaintiffs and the Class in Defendant's possession.

138. Plaintiffs and Class Members performed all conditions, covenants, obligations, and promises owed to Defendant, including paying Defendant for services and providing them the confidential PII required by the contracts.

139. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiffs and Class Members did not receive the full benefit of their bargain—services with reasonable data privacy—and instead received services that were less valuable than what they paid for and less valuable than their reasonable expectations under the contracts. Plaintiffs and Class Members have suffered actual damages in an amount equal to the difference in the value between services with reasonable data privacy that Plaintiffs and Class Members paid for, and the services they received without reasonable data privacy.

140. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiffs and Class Members have suffered actual damages resulting from the theft of their PII and remain at imminent risk of suffering additional damages in the future.

141. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiffs and Class Members have suffered actual damages resulting from their attempt

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

to ameliorate the effect of the Data Breach, including but not limited to taking steps to protect themselves from the loss of their PII.

142. As a direct and proximate cause of Defendant's conduct, Plaintiffs and Class Members suffered injury in fact and are therefore entitled to relief, including restitution, declaratory relief, and a permanent injunction enjoining Defendant from its conduct. Plaintiffs also seeks reasonable attorneys' fees and costs under applicable law.

## COUNT SEVEN — UNJUST ENRICHMENT
## (ALTERNATIVE TO BREACH OF CONTRACT CLAIM)

143. Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

144. Plaintiffs and Class Members conferred a monetary benefit on Defendant in the form of monetary payments—directly or indirectly—for services received.

145. Defendant collected, maintained, and stored the PII of Plaintiffs and Class Members and, as such, Defendant had knowledge of the monetary benefits conferred by Plaintiffs and Class Members.

146. The money that Plaintiffs and Class Members paid to Defendant should have been used to pay, at least in part, for the administrative costs and implementation of data management and security. Defendant failed to implement—or adequately implement—practices, procedures, and programs to secure sensitive PII, as evidenced by the Data Breach.

147. As a result of Defendant's failure to implement security practices, procedures, and programs to secure sensitive PII, Plaintiffs and Class Members suffered actual damages in an amount equal to the difference in the value between services with reasonable data privacy that Plaintiffs and Class Members paid for, and the services they received without reasonable data privacy.

148. Under principles of equity and good conscience, Defendant should not be permitted to retain money belonging to Plaintiffs and Class Members because Defendant failed

COMPLAINT - 27

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

to implement the data management and security measures that are mandated by industry standards and that Plaintiffs and Class Members paid for.

149.    Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiffs and the Class all unlawful or inequitable proceeds received by Defendant. A constructive trust should be imposed upon all unlawful and inequitable sums received by Defendant traceable to Plaintiffs and the Class.

### COUNT EIGHT — DECLARATORY JUDGMENT

150.    Plaintiffs reallege and incorporate by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

151.    Plaintiffs and the Class have stated claims against Defendant based on negligence, negligence per se, gross negligence and negligent misrepresentation, and violations of various state and federal statutes.

152.    Defendant failed to fulfill its obligations to provide adequate and reasonable security measures for the PII of Plaintiffs and the Class, as evidenced by the Data Breach.

153.    As a result of the Data Breach, Defendant's system is more vulnerable to unauthorized access and requires more stringent measures to be taken to safeguard the PII of Plaintiffs and the Class going forward.

154.    An actual controversy has arisen in the wake of the Data Breach regarding Defendant's current obligations to provide reasonable data security measures to protect the PII of Plaintiffs and the Class. Defendant maintains that its security measures were—and still are—reasonably adequate and denies that they previously had or have any obligation to implement better safeguards to protect the PII of Plaintiffs and the Class.

155.    Plaintiffs seek a declaration that Defendant must implement specific additional, prudent industry security practices to provide reasonable protection and security to the PII of Plaintiffs and the Class. Specifically, Plaintiffs and the Class seek a declaration that Defendant's existing security measures do not comply with their obligations, and that Defendant must

COMPLAINT - 28

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

implement and maintain reasonable security measures on behalf of Plaintiffs and the Class to comply with their data security obligations.

**B.    Claims Brought on Behalf of the Michigan Subclass**

**COUNT NINE — VIOLATION OF THE
MICHIGAN IDENTITY THEFT PROTECTION ACT,
MICH. COMP. LAWS ANN. §§ 445.72, *ET SEQ.***

156.    Plaintiff Scott-Boone ("Plaintiff," for purposes of this Count), individually and on behalf of the Michigan Subclass, incorporates all foregoing factual allegations as if fully set forth herein. This claim is brought individually under the laws of Michigan and on behalf of all other natural persons whose PII was compromised as a result of the Data Breach and reside in states having similar laws regarding customer records.

157.    T-Mobile is a business that owns or licenses computerized data that includes "personal information" as defined by Mich. Comp. Laws Ann. § 445.72(1).

158.    Plaintiff's and Michigan Subclass members' PII includes "personal information" as covered under Mich. Comp. Laws Ann. § 445.72(1).

159.    T-Mobile is required to accurately notify Plaintiff and Michigan Subclass members if it discovers a security breach, or receives notice of a security breach (where unencrypted and unredacted PII was accessed or acquired by unauthorized persons), without unreasonable delay under Mich. Comp. Laws Ann. § 445.72(1).

160.    Because T-Mobile discovered a security breach and had notice of a security breach (where unencrypted and unredacted PII was accessed or acquired by unauthorized persons), T-Mobile had an obligation to disclose the Data Breach in a timely and accurate fashion as mandated by Mich. Comp. Laws Ann. § 445.72(4).

161.    By failing to disclose the Data Breach in a timely and accurate manner, T-Mobile violated Mich. Comp. Laws Ann. § 445.72(4).

162.    As a direct and proximate result of T-Mobile's violations of Mich. Comp. Laws Ann. § 445.72(4), Plaintiff and Michigan Subclass members suffered damages, as described

COMPLAINT - 29

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

above.

163.     Plaintiff and Michigan Subclass members seek relief under Mich. Comp. Laws Ann. § 445.72(13), including a civil fine.

**COUNT TEN — VIOLATION OF THE**
**MICHIGAN CONSUMER PROTECTION ACT,**
**MICH. COMP. LAWS ANN. §§ 445.903, *ET SEQ.***

164.     Plaintiff Scott-Boone ("Plaintiff," for purposes of this Count), individually and on behalf of the Michigan Subclass, incorporates all foregoing factual allegations as if fully set forth herein. This claim is brought individually under the laws of Michigan and on behalf of all other natural persons whose PII was compromised as a result of the Data Breach and reside in states having similar laws regarding customer records.

165.     T-Mobile and Michigan Subclass members are "persons" as defined by Mich. Comp. Laws Ann. § 445.903(d).

166.     T-Mobile advertised, offered, or sold goods or services in Michigan and engaged in trade or commerce directly or indirectly affecting the people of Michigan, as defined by Mich. Comp. Laws Ann. § 445.903(g).

167.     T-Mobile engaged in unfair, unconscionable, and deceptive practices in the conduct of trade and commerce, in violation of Mich. Comp. Laws Ann. § 445.903(1), including:

> A.     Representing that its goods and services have characteristics, uses, and benefits that they do not have, in violation of Mich. Comp. Laws Ann. § 445.903(1)(c);

> B.     Representing that its goods and services are of a particular standard or quality if they are of another in violation of Mich. Comp. Laws Ann. § 445.903(1)(e);

> C.     Making a representation or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is, in violation of Mich. Comp. Laws Ann. § 445.903(1)(bb); and

> D.     Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive matter, in violation of Mich. Comp. Laws Ann. § 445.903(1)(cc).

168.     T-Mobile's unfair, unconscionable, and deceptive practices include:

COMPLAINT - 30

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

E.     Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff's and Michigan Subclass members' PII, which was a direct and proximate cause of the Data Breach;

F.     Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

G.     Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Michigan Subclass members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, HIPAA, 42 U.S.C. § 1320d, and COPPA, 15 U.S.C. §§ 6501-6505, which was a direct and proximate cause of the Data Breach;

H.     Misrepresenting that it would protect the privacy and confidentiality of Plaintiff's and Michigan Subclass members' PII, including by implementing and maintaining reasonable security measures;

I.     Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Michigan Subclass members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, HIPAA, 42 U.S.C. § 1320d, and COPPA, 15 U.S.C. §§ 6501-6505;

J.     Failing to timely and adequately notify Plaintiff and Michigan Subclass members of the Data Breach;

K.     Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff's and Michigan Subclass members' PII; and

L.     Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Michigan Subclass members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 1681e, and COPPA, 15 U.S.C. §§ 6501-6505.

169.     T-Mobile's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of T-Mobile's data security and ability to protect the confidentiality of consumers' PII.

170.     T-Mobile's representations and omissions were material because they were likely to deceive reasonable consumers, including Plaintiff and the Michigan Subclass members, that their PII was not exposed and misled Plaintiff and the Michigan Subclass members into believing they did not need to take actions to secure their identities.

171.     T-Mobile intended to mislead Plaintiff and Michigan Subclass members and

COMPLAINT - 31

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

induce them to rely on its misrepresentations and omissions.

172.    T-Mobile acted intentionally, knowingly, and maliciously to violate Michigan's Consumer Protection Act, and recklessly disregarded Plaintiff and Michigan Subclass members' rights.

173.    As a direct and proximate result of T-Mobile's unfair, unconscionable, and deceptive practices, Plaintiff and Michigan Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their PII.

174.    Plaintiff and Michigan Subclass members seek all monetary and non-monetary relief allowed by law, including the greater of actual damages or $250, injunctive relief, and any other relief that is just and proper.

**C.    Claims Brought on Behalf of the New Mexico Subclass**

### COUNT ELEVEN — VIOLATION OF THE NEW MEXICO DATA BREACH NOTIFICATION ACT
### N.M. STAT. ANN. § 57-12C-6, *ET SEQ.*

175.    Plaintiff Luna ("Plaintiff," for purposes of this Count), individually and on behalf of the New Mexico Subclass, incorporates all foregoing factual allegations as if fully set forth herein. This claim is brought individually under the laws of New Mexico and on behalf of all other natural persons whose PII was compromised as a result of the Data Breach.

176.    T-Mobile is a business that owns or licenses computerized data that includes "personal identifying information" as defined by N.M. Stat. Ann. § 57-12C-2(C).

177.    Plaintiff's and New Mexico Subclass Members' PII includes "personal identifying information" as covered under N.M. Stat. Ann. § 57-12C-2(C).

178.    T-Mobile is required to accurately notify Plaintiff and New Mexico Subclass Members following discovery or notification of the breach of its data security program if

COMPLAINT - 32

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

personal identifying information was, or is reasonably believed to have been, subject to a security breach, in the most expedient time possible, under N.M. Stat. Ann. § 57-12C-6(A).

179.    Because T-Mobile discovered a breach of its security system in which personal identifying information was, or is reasonably believed to have been, acquired by an unauthorized person, and the personal identifying information was not secured, T-Mobile had an obligation to disclose the data breach in a timely and accurate manner, as mandated by N.M. Stat. Ann. § 57-12C-6(A).

180.    By failing to disclose the Data Breach to Plaintiff and all New Mexico Subclass Members in a timely and accurate manner, T-Mobile violated N.M. Stat. Ann. § 57-12C-6(A).

181.    As a direct and proximate result of T-Mobile's violations of N.M. Stat. Ann. § 57-12C-6(A), Plaintiff and New Mexico Subclass Members suffered damages, as described above.

182.    Plaintiff and New Mexico Subclass Members seek relief under N.M. Stat. Ann. § 57-12C-11(C), including actual damages and injunctive relief.

### COUNT TWELVE — VIOLATION OF THE NEW MEXICO UNFAIR TRADE PRACTICES ACT N.M. STAT. ANN. § 57-12-1, *ET SEQ.*

183.    Plaintiff Luna ("Plaintiff," for purposes of this Count), individually and on behalf of the New Mexico Subclass, incorporates all foregoing factual allegations as if fully set forth herein. This claim is brought individually under the laws of New Mexico and on behalf of all other natural persons whose PII was compromised as a result of the Data Breach.

184.    T-Mobile is a "person" as meant by N.M. Stat. Ann. § 57-12-2.

185.    T-Mobile was engaged in "trade" and "commerce" as meant by N.M. Stat. Ann. § 57-12-2(C) when engaging in the conduct alleged.

186.    The New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-2, *et seq.*, prohibits both unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce.

COMPLAINT - 33

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

187. T-Mobile engaged in unconscionable, unfair, and deceptive acts and practices in connection with the sale of goods or services in the regular course of its trade or commerce, including the following:

>A. Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff's and New Mexico Subclass Members' PII, which was a direct and proximate cause of the Data Breach;

>B. Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

>C. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and New Mexico Subclass Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Data Breach;

>D. Misrepresenting that it would protect the privacy and confidentiality of Plaintiff's and New Mexico Subclass Members' PII, including by implementing and maintaining reasonable security measures;

>E. Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and New Mexico Subclass Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45;

>F. Failing to timely and adequately notify Plaintiff and New Mexico Subclass Members of the Data Breach;

>G. Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff's and New Mexico Subclass Members' PII; and

>H. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and New Mexico Subclass Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45.

188. T-Mobile's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of T-Mobile's data security and ability to protect the confidentiality of consumers' PII.

189. T-Mobile intended to mislead Plaintiff and New Mexico Subclass members and induce them to rely on its misrepresentations and omissions.

190. T-Mobile acted intentionally, knowingly, and maliciously to violate New

COMPLAINT - 34

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Mexico's Unfair Practices Act, and recklessly disregarded Plaintiff's and New Mexico Subclass members' rights.

191.     As a direct and proximate result of T-Mobile's unfair, deceptive, and unconscionable trade practices, Plaintiff and New Mexico Subclass members have suffered and will continue to suffer injury; ascertainable losses of money or property; and monetary and non-monetary damages, including from fraud and identity theft, time and expenses related to monitoring their financial accounts for fraudulent activity, an increased, imminent risk of fraud and identity theft, and loss of value of their PII.

192.     Plaintiff and New Mexico Subclass members seek all monetary and non-monetary relief allowed by law, including injunctive relief, actual damages or statutory damages of $100 (whichever is greater), treble damages or statutory damages of $300 (whichever is greater), and reasonable attorneys' fees and costs.

**D.     Claims Brought on Behalf of the Washington Subclass**

**COUNT THIRTEEN — VIOLATION OF THE
WASHINGTON DATA BREACH NOTICE ACT,
WASH. REV. CODE §§ 19.255.010, *ET SEQ.***

193.     Plaintiff Cooke ("Plaintiff," for purposes of this Count), individually and on behalf of the Washington Subclass, incorporates all foregoing factual allegations as if fully set forth herein. This claim is brought individually under the laws of Washington and on behalf of all other natural persons whose PII was compromised as a result of the Data Breach.

194.     T-Mobile is a business that owns or licenses computerized data that includes "personal information" as defined by Wash. Rev. Code § 19.255.010(1).

195.     Plaintiff's and Class Members' PII includes "personal information" as covered under Wash. Rev. Code § 19.255.010(5).

196.     T-Mobile is required to accurately notify Plaintiff and Class Members following discovery or notification of the breach of its data security program if PII was, or is reasonably believed to have been, acquired by an unauthorized person and the PII was not secured, in the

COMPLAINT - 35

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

most expedient time possible and without unreasonable delay under Wash. Rev. Code § 19.255.010(1).

197.    Because T-Mobile discovered a breach of its security system in which PII was, or is reasonably believed to have been, acquired by an unauthorized person and the PII was not secured, T-Mobile had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Wash. Rev. Code § 19.255.010(1).

198.    By failing to disclose the Data Breach to Plaintiff and all Class Members in a timely and accurate manner, T-Mobile violated Wash. Rev. Code § 19.255.010(1).

199.    As a direct and proximate result of T-Mobile's violations of Wash. Rev. Code § 19.255.010(1), Plaintiff and Class Members suffered damages, as described above.

200.    Plaintiff and Class Members seek relief under Wash. Rev. Code §§ 19.255.040, including actual damages and injunctive relief.

**COUNT FOURTEEN — VIOLATION OF THE
WASHINGTON CONSUMER PROTECTION ACT,
WASH. REV. CODE ANN. §§ 19.86.020, *ET SEQ.***

201.    Plaintiff Cooke ("Plaintiff," for purposes of this Count), individually and on behalf of the Washington Subclass, incorporates all foregoing factual allegations as if fully set forth herein. This claim is brought individually under the laws of Washington and on behalf of all other natural persons whose PII was compromised as a result of the Data Breach.

202.    T-Mobile is a "person," as defined by Wash. Rev. Code Ann. § 19.86.010(1).

203.    T-Mobile advertised, offered, or sold goods or services in Washington and engaged in trade or commerce directly or indirectly affecting the people of Washington, as defined by Wash. Rev. Code Ann. § 19.86.010 (2).

204.    T-Mobile engaged in unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of Wash. Rev. Code Ann. § 19.86.020, including:

        A.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff's and Class Members' PII, which was a direct and proximate cause of the Data Breach;

COMPLAINT - 36

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

B. Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

C. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Data Breach;

D. Misrepresenting that it would protect the privacy and confidentiality of Plaintiff's and Class Members' PII, including by implementing and maintaining reasonable security measures;

E. Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45;

F. Failing to timely and adequately notify Plaintiff and Class Members of the Data Breach;

G. Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff's and Class Members' PII; and

H. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' PII, including duties imposed by the FTC Act, 15 U.S.C. § 45.

205. T-Mobile's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of T-Mobile's data security and ability to protect the confidentiality of consumers' PII.

206. T-Mobile's representations and omissions were material because they were likely to deceive reasonable consumers, including Plaintiff and the Class Members, that their PII was not exposed and misled Plaintiff and the Class Members into believing they did not need to take actions to secure their identities.

207. T-Mobile acted intentionally, knowingly, and maliciously to violate Washington's Consumer Protection Act, and recklessly disregarded Plaintiff's and Class Members' rights.

208. T-Mobile's conduct is injurious to the public interest because it violates Wash. Rev. Code Ann. § 19.86.020, violates a statute that contains a specific legislation declaration of public interest impact, including, but not limited to Wash. Rev. Code §§ 19.255.010, et seq.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Alternatively, T-Mobile's conduct is injurious to the public interest because it has injured Plaintiff and Class Members, had the capacity to injure persons, and has the capacity to injure other persons, and has the capacity to injure persons. Further, its conduct affected the public interest, including the thousands, if not millions, of Washingtonians affected by the Data Breach.

209.    As a direct and proximate result of T-Mobile's unfair methods of competition and unfair or deceptive acts or practices, Plaintiff and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their PII.

210.    Plaintiff and Class Members seek all monetary and non-monetary relief allowed by law, including actual damages, treble damages, injunctive relief, civil penalties, and attorneys' fees and costs.

## VII.    PRAYER FOR RELIEF

Plaintiffs, on behalf of himself and on behalf of the proposed Class and Subclasses, request that the Court:

a.    Certify this case as a class action, appoint Plaintiffs as class representatives, and appoint Plaintiffs' Counsel as Class Counsel for Plaintiffs to represent the Class;

b.    Find that T-Mobile breached its duty to safeguard and protect the PII of Plaintiffs and Class Members that was compromised in the Data Breach;

c.    Award Plaintiffs and Class Members appropriate relief, including actual and statutory damages, restitution and disgorgement;

d.    Award equitable, injunctive and declaratory relief as may be appropriate;

e.    Award all costs, including experts' fees and attorneys' fees, and the costs of prosecuting this action;

f.    Award pre-judgment and post-judgment interest as prescribed by law; and

COMPLAINT - 38

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

g.    Grant additional legal or equitable relief as this Court may find just and proper.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.


Respectfully submitted,

Dated September 28, 2021

**KELLER ROHRBACK L.L.P.**


By:    */s/ Cari Campen Laufenberg*
By:    */s/ Juli Farris*
By:    */s/ Gretchen Freeman Cappio*
By:    */s/ Derek Loeser*
By:    */s/ Emma M. Wright*
Cari Campen Laufenberg (WSBA 34354)
Gretchen Freeman Cappio (WSBA 29576)
Derek Loeser (WSBA 24274)
Juli Farris (WSBA 17593)
Emma M. Wright (WSBA 56770)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
claufenberg@kellerrohrback.com
gcappio@kellerrohrback.com
dloeser@kellerrohrback.com
jfarris@kellerrohrback.com
ewright@kellerrohrback.com

Christopher Springer (*pro hac vice* forthcoming)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

COMPLAINT - 39

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384